**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| WILLIE SANDERS, | : | CIVIL ACTION NO. |
| Petitioner, | : | 3:11-cv-00844 (JCH) |
| | : | |
| v. | : | |
| | : | |
| UNITED STATES OF AMERICA, | : | APRIL 24, 2012 |
| Respondent. | : | |

**RULING RE: MOTION TO VACATE, SET ASIDE,**
**OR CORRECT SENTENCE (DOC. NO. 1)**

Petitioner Willie Sanders moves pro se to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. For the reasons stated herein, the Motion to Vacate (Doc. No. 1) is **denied**.

**I.   BACKGROUND**

On July 30, 2009, Sanders entered into a plea agreement in which he waived indictment and plead guilty to violating 18 U.S.C. §§ 922(g)(1) and 924(a)(2) by knowingly possessing a firearm in and affecting interstate or foreign commerce after having been convicted of a crime punishable by imprisonment exceeding one year.  See Plea Agreement  (Doc. No. 30), United States v. Sanders, Case No. 3:09-cr-176 (PCD). On June 9, 2010, this court (Dorsey, J.) imposed a sentence of thirty months of imprisonment followed by three years of supervised release and a special assessment. See Judgment (Doc. No. 74), United States v. Sanders, Case No. 3:09-cr-176 (PCD). Sanders did not file a direct appeal.  Sanders now moves this court to vacate, set aside, or correct his sentence.

## II.    DISCUSSION

Under 28 U.S.C. § 2255, a prisoner in custody, sentenced by a federal court, may petition the court which imposed the sentence to vacate, set aside or correct the sentence.  28 U.S.C. § 2255.  However, "[b]ecause requests for habeas corpus relief are in tension with society's strong interest in the finality of criminal convictions, the courts have established rules that make it more difficult for a defendant to upset a conviction by collateral, as opposed to direct, attack." United States v. Martinez, 475 F. Supp. 2d 154, 160 (D. Conn. 2007) (quoting Ciak v. United States, 59 F.3d 296, 301 (2d Cir. 1995)).  When a conviction is based on a guilty plea, the limitation on collateral attacks has "special force." Id.

A habeas corpus petition, as a general rule, "will not be allowed to do service for an appeal." Bousley v. United States, 523 U.S. 614, 621 (1998).  When a petitioner has not filed an appeal, a writ of habeas corpus will only be available "if the petitioner establishes 'cause' for the waiver [of his right to appeal] and shows 'actual prejudice resulting from the alleged . . . violation.'" Reed v. Farley, 512 U.S. 339, 354 (1994) (quoting Wainwright v. Sykes, 433 U.S. 72, 84 (1977)).  "Cause," in this context, has been defined as "something external to the petitioner, something that cannot be fairly attributed to him." Marone v. United States, 10 F.3d 65, 67 (2d Cir. 1993) (quoting Coleman v. Thompson, 501 U.S. 722, 753 (1991)).

Sanders moves to vacate his sentence alleging, first, that "[n]either the Attorney General for the Criminal Division of the Department of Justice nor the President authorized the United States Attorney for the District of Connecticut to convene a federal grand jury to indict him" and, second, that the District Court did not have

jurisdiction over him because his crime was not committed on federal land. Mot. Vacate at 4. This court disagrees.

Sanders is barred from raising his claims at this time because he failed to raise a challenge on direct appeal. Because Sanders has not shown cause for failing to raise his claims on direct appeal or any prejudice therefrom, his claims are denied.

Moreover, even if Sanders' claims were not procedurally barred, they are without merit. Sanders was not indicted by a grand jury, authorized or otherwise, because he waived his right to indictment. See Waiver of Indictment (Doc. No. 29), United States v. Sanders, Case No. 3:09-cr-176 (PCD). Sanders' second claim that his crime was not committed on federal land also lacks legal significance. Pursuant to 18 U.S.C. § 3231, the district courts of the United States have original jurisdiction over all offenses against the laws of the United States, and Sanders was charged with such an offense: a violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(1).

### III.   CONCLUSION

For the foregoing reasons, Petitioner's Motion to Vacate (Doc. No. 1) is **denied**.

**SO ORDERED.**

Dated at Bridgeport, Connecticut, this 24th day of April, 2012.

   /s/ Janet C. Hall
Janet C. Hall
United States District Judge